IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KENNITH EASTTUM                                                                       PLAINTIFF

vs.                                    Civil No. 4:15-cv-04048

CAROLYN W. COLVIN
Commissioner, Social Security Administration                                          DEFENDANT

### MEMORANDUM OPINION

Kennith Easttum ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed his disability applications on October 4, 2012.  (Tr. 21).  In his applications, Plaintiff alleges being disabled due to poor vision, a left shoulder injury, a back injury, and seizures.  (Tr. 229).  Plaintiff alleges an onset date of October 4, 2012.  *Id.*  These applications were denied initially and again upon reconsideration.  (Tr. 53-103).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____."  The transcript pages for this case are referenced by the designation "Tr."

After Plaintiff's applications were denied, Plaintiff requested an administrative hearing on his applications, and his hearing request was granted. (Tr. 131-147). Thereafter, on October 30, 2013, the ALJ held an administrative hearing on Plaintiff's applications. (Tr. 33-52). At this hearing, Plaintiff was present and was represented by Mr. Coleman.[1] (Tr. 33). Plaintiff and Vocational Expert ("VE") Mr. Marine[2] testified at the hearing in this matter. (Tr. 33-52). During this hearing, Plaintiff testified he was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 35). As for his education, Plaintiff testified he had only completed the tenth grade. *Id.*

On November 29, 2013, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 18-28). The ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2016. (Tr. 22, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 4, 2012, his alleged onset date. (Tr. 22, Finding 2). The ALJ determined Plaintiff had the following severe impairments: epilepsy, arthropathies, major joint dysfunction, and a loss of visual acuity. (Tr. 22-24, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 24, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 24-28, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

---

[1] The first name of "Mr. Coleman" was not included in the transcript. (Tr. 33).
[2] The first name of "Mr. Marine" was not included in the transcript. (Tr. 33).

> After careful consideration of the entire record, I agree with the DDS consultants that the impairments reasonably result in a residual functional capacity for medium work, that is, to lift 20 pounds occasionally and 25 pounds frequently, sit for six hours in eight hour workday and stand and walk for six hours in an eight hour workday.  The claimant is also limited to occasional overhead reaching with his left upper extremity, and occasional climbing ladders, ropes and scaffolds.  He is to avoid even moderate exposure to hazards.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 28, Finding 6).  The VE testified at the administrative hearing regarding Plaintiff's PRW.  *Id.*  Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform his PRW as a cook.  *Id.*  Because Plaintiff retained the capacity to perform his PRW as a cook, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from October 4, 2012 through the date of his decision or through November 29, 2013.  (Tr. 28, Finding 7).

Thereafter, Plaintiff requested the review of the Appeals Council.  (Tr. 16).  The Appeals Council denied Plaintiff's request for review.  (Tr. 1-3).  On May 29, 2015, Plaintiff filed his Complaint in this matter.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on June 12, 2015. ECF No. 6.  Both Parties have filed appeal briefs.  ECF Nos. 10, 13.  This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past

work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 1. Specifically, Plaintiff claims the following: (1) the ALJ erred by failing "to find that claimant's degenerative disc disease was a severe impairment"; (2) the ALJ erred with his credibility determination; and (3) the ALJ erred by failing "to inquire whether the VE's testimony was consistent with the *Dictionary of Occupational Titles*." *Id.* Because the Court finds the ALJ erred by finding Plaintiff's degenerative disc disease was non-severe, this case must be reversed and remanded. Thus, the Court will only address this issue.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to a back injury. (Tr. 229). During the administrative hearing in this matter, Plaintiff elaborated on this claim. (Tr. 36-37). Plaintiff testified he suffered from a preexisting back problem that was exacerbated in 2011 after a car accident. (Tr. 36-37). Plaintiff testified he saw Dr. Young for an evaluation of his back injury. (Tr. 38). During this evaluation, Plaintiff testified Dr. Young reported his back was "messed up," and Dr. Young told Plaintiff he did not know how Plaintiff was able to walk. *Id.*

Plaintiff's medical records support this testimony. On March 14, 2013, Dr. Young reported Plaintiff had "significant underlying degenerative changes" in his back which were "aggravated by motor vehicle accident." (Tr. 383). Dr. Young prescribed Plaintiff Hydrocodone and Baclofen to treat his pain. *Id.* On April 15, 2013, Dr. Young reported Plaintiff did not appear to need back surgery but "might benefit from some injections" and recommended he see a neurosurgeon. (Tr. 392). On April 18, 2013, Dr. Young noted he "wanted to pursue something to fix his [Plaintiff's] back so we started the process of getting him to see one of the neurosurgeons in Texarkana." *Id.*

In his opinion, the ALJ referenced Dr. Young's findings but then entirely disregarded those findings. (Tr. 23-24). However, the ALJ supplied *no basis* for disregarding Dr. Young's findings. *Id.* Furthermore, in her appeal brief, Defendant offers little more than speculation as to

Plaintiff's back impairment and whether it would have imposed work limitations on Plaintiff. ECF No. 13 at 5-9. Defendant implies Dr. Young believed Plaintiff's back impairment *did not* cause him work limitations. *Id.* However, it certainly does not appear Dr. Young would have noted "significant underlying degenerative changes," prescribed Plaintiff Hydrocodone and Baclofen, and actively sought further specialized care for Plaintiff if he did not believe Plaintiff's back impairment impacted his ability to work. Further, Defendant's speculation on this issue does not remedy the ALJ's failure to make any findings of this issue. Thus, the Court cannot find the ALJ's failure on this issue was harmless error, and this case must be reversed and remanded for further evaluation of this issue.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 3rd day of March 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE